UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO MELIAN S., | No. 1:26-cv-04512-TLN-CKD |
| Petitioner, | (A# 074-016-862) |
| v. | |
| U.S. ATTORNEY GENERAL et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on Petitioner Eduardo Melian S.[1]'s ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 6.) For the reasons set forth below, Petitioner's habeas petition is GRANTED.

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who entered the United States on April 11, 1995 and is currently being held at the California City Immigration Processing Center.  (ECF No. 1 at 1.)  On March 5, 2019, Petitioner was ordered removed from the United States and granted withholding of removal.  (ECF No. 6-1 at 6.)  He was then released on an Order of Supervision seventeen days later.  (*Id.* at 7; ECF No. 6 at 2.)  He was re-detained by Immigration and Customs Enforcement ("ICE") on January 11, 2026 following an arrest for trespassing and has been held in detention since that date.  (ECF No. 1 at 5; ECF No. 6 at 2.)

Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus on June 17, 2026, challenging the lawfulness of his detention.  (ECF No. 1 at 2.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

Petitioner challenges Respondents' continued detention as violating his Fifth Amendment due process rights under *Zadvydas*.  (ECF No. 1 at 6 (citing 533 U.S. 678).)  In opposition, Respondents contend the Court lacks jurisdiction because Petitioner has not named the proper

custodian and that Petitioner is lawfully detained under 18 U.S.C. § 1231(a)(6).[2]  (*See* ECF No. 6.)  The Court considers each argument in turn.

### A.  Whether this Court has Jurisdiction

Respondents argue the Court lacks jurisdiction because Petitioner does not name the warden or facility administrator where Petitioner is detained as a respondent.  (ECF No. 6 at 2.)

"[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  This "immediate custodian rule" imposes a jurisdictional bar to adjudication of a habeas petition.  *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024).  In *Doe*, the Ninth Circuit held that this rule applies to immigration detainees and squarely rejected the contention that the Attorney General or applicable ICE Field Office Director is the "immediate custodian" of a habeas petitioner, even where the federal government hires a contractor to operate a detention facility.  *Id.*

However, under such circumstances, "the Court may, 'on its own' and 'on just terms, add ... a party.'"  *Bailey v. Fulwood*, 780 F. Supp. 2d 20, 25 (D.D.C. 2011) quoting Fed. R. Civ. P. 21.  "Here, although petitioner fails to name his immediate custodian, the petition clearly identifies the location of his detention."  *Rivero-Perez v. Warden of California City Det. Ctr.*, No. 1:26-CV-2587 DAD AC, 2026 WL 1470738, at *1 (E.D. Cal. May 26, 2026); *see also Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *2 (S.D. Cal. Jan. 5, 2026) ("[I]n light of Petitioner's pro se status and the liberty interests at issue, the Court . . . will address the petition on the merits rather than dismiss the petition.").

Thus, the Court *sua sponte* adds the warden of California City Immigration Processing Center as a respondent pursuant to Federal Rule of Civil Procedure 21.

---

[2]     The Court notes Respondents' opposition refers to the applicable detention authority as "18 U.S.C. § 1226(a)(6)," which is the statutory provision that defines the term "child" for purposed of certain immigration and related offense under the Immigration and Nationality Act and other federal statutes.  As that provision is not applicable here, the Court assumes Respondents meant 18 TU.S.C. § 1231(a)(6).

### B.  Whether Petitioner's Detention is Lawful

Petitioner argues that his continued detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future.  (ECF No. 1 at 6.)  In opposition, Respondents contend Petitioner's removal is not unlikely because while his native country cannot accept him, he can be removed to Mexico.  (ECF No. 6 at 3.)

In *Zadvydas*, the Supreme Court considered prolonged immigration detention after a final order of removal.  533 U.S. 678 (2001).  Although the Government has statutory authority to detain non-citizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id.* at 699.  The Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal.  *Id.* at 701.  However, the fact that a noncitizen has been held in-custody for less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*.  *See Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, *3 n.3 (E.D. Cal. Dec. 2, 2025)

Further, the *Zadvydas* presumptive period "does not reset when the government detains [a non-citizen] under 8 U.S.C. § 1231(a), releases him from detention, and then re-detains him again."  *Sied v. Nielsen*, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018); *see also Siguenza v. Moniz*, 2025 WL 2734704, at *3 (D. Mass. Sept. 25, 2025) ("Most courts to consider the issue have concluded that the *Zadvydas* period is cumulative, motivated, in part, by a concern that the federal government could otherwise detain noncitizens indefinitely by continuously releasing and re-detaining them.").

Here, the cumulative period of time during which Respondents have held Petitioner — seventeen days before he was released on an order of supervision and more than five months during his current period of detention — exceeds six months and thus Respondents have lost the benefit of the *Zadvydas* presumption.  As a result, Respondents must produce evidence rebutting Petitioner's showing for his continued detention to be lawful.  *See Zadvydas*, 533 U.S. at 701.  However, Respondents provide no evidence that removal is reasonably foreseeable.

Instead, Respondents rely on a declaration from Deportation Officer Patrick Cruz and its accompanying exhibits.  (ECF No. 6-1.)  Officer Cruz declares that Petitioner has been notified of ICE's intent to remove him to Mexico, that he refused to cooperate with the process, and "[i]f Petitioner were to cooperate with his removal to the Third Country of Mexico, based on Petitioner's removal order from the United States, [ICE] can facilitate this Petitioner's removal to Mexico, as a Third Country, and execute the removal order within 3 to 4 days of Petitioner's cooperation."  (*Id.* at 3.)  The declaration cites to no evidence of these claims other than Officer Cruz' own statements.  (*Id.*)  Further, there is no evidence in the record that Respondents have provided Petitioner an opportunity to address fear of persecution in Mexico.  An order of removal to Mexico without being provided such an opportunity would also violate Petitioner's due process rights.  *See, e.g.*, *Vu*, 2025 WL 3114341, at *9; *Scott*, 2025 WL 2419288, at *18–23; *Zakzouk v. Becerra*, No. 25-cv-06254-KAW, 2025 WL 2899220, at *4 (N.D. Cal. Oct. 10, 2025); *Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 2987766, at *2–3 (W.D. Wash. Oct. 23, 2025).

For these reasons, the Court finds that there is not a significant likelihood of Petitioner's removal in the reasonably foreseeable future and thus his continued detention violates the requirements of due process as promulgated by the Supreme Court in *Zadvydas*.

C.  IFP Motion

In order to grant a litigant in forma pauperis status, "an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs'" of litigation, even if he is "'still . . . able to provide' himself and dependents 'with the necessities of life.'"  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  Petitioner's motion states that he has no wages, income or other significant assets.  (ECF No. 2.)

Thus, the Court finds good cause to grant Petitioner's request to proceed in forma pauperis.

IV.  **CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1.     The Clerk of Court is directed to add the Warden of California City Immigration Processing Center as a respondent in this case.

5

2.      Petitioner's Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3.      Respondents must IMMEDIATELY RELEASE Petitioner Eduardo Melian S. (A# 074-016-862) from custody on an order of supervision.  At the time of release, Respondents must return all of Petitioner's documents and possessions.  **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

4.      Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner unless circumstances materially change or until they can execute Petitioner's order of removal.  Respondents must follow all procedures set forth in 8 C.F.R. §§ 241.4(l) and 241.13(i), and any other applicable statutory and regulatory procedures to revoke an order of supervision. Respondents are ENJOINED AND RESTRAINED from removing Petitioner to any third country, unless they provide the following process:

> a.   written notice to both Petitioner and Petitioner's counsel in a language Petitioner can understand;
>
> b.   following the notice, Petitioner must be provided a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for protection under the Convention Against Torture prior to removal;
>
> c.   if Petitioner is found to have demonstrated "reasonable fear" of removal to the designated country, Respondents must move to reopen Petitioner's immigration proceedings;
>
> d.   if Petitioner is not found to have demonstrated a "reasonable fear" of removal to the country, Respondents must afford Petitioner a meaningful opportunity, and a minimum of fifteen days, to seek to reopen his immigration proceedings.

5.      **The Clerk of Court is directed to serve California City Immigration Processing Center with a copy of this Order.**

6.      Petitioner's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED.

7.      All filing fees and court costs are WAIVED, including fees for obtaining

transcripts for the purpose of appeal.

8.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: June 25, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE